CHARLES V. RONDEAU *vs.* ALBERT A. SAYLES, *et al.*

JANUARY 7, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Master and Servant. Emergency. Negligence. Minors.*

Plaintiff, an employee, 14 years of age, was shifting a belt, with his left hand, from a fixed to a loose pulley, in accordance with instructions, previously given, by defendant's overseer, and while standing between machines, in a narrow passageway, all the light furnished by a plant, operated by defendant, was extinguished without warning, and before the usual hour, and contrary to the custom of a premonitory signal. While disengaging his left hand from the machine on which he was working, in the darkness, plaintiff's right arm was caught in an adjacent machine, and torn from his body.

There was testimony to show that the lighting system, which had been unchanged in equipment for more than five years, had frequently gone out, suddenly, and without warning, for a long period; although this was unknown to plaintiff, who had been employed for about two weeks:—

*Held*, that a nonsuit on this testimony was improperly granted; since the frequency of the extinguishment of the light, and the nature of such occurrences were competent evidence for the jury upon the question of notice to defendant of the conditions which produced them, and was sufficient to require defendant to show the cause of such sudden extinguishment on the evening in question.

*Held*, further, that it was a fair question for the jury, whether a boy of his years conducted himself with ordinary prudence in this emergency.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff, and sustained.

BLODGETT, J. It appears by the plaintiff's testimony that at sixteen minutes before six o'clock, on the evening of December 11, 1905, the plaintiff, an employee of the defendants, and then of the age of fourteen years, was engaged in shifting, with his left hand, a belt from a fixed to a loose pulley, in accordance with instructions theretofore given him by the defendants' overseer, preparatory to the closing down of the mill for the night; and that, while so standing between the third and fourth machines in a certain row, in a passageway twenty-one and one-half inches in width, all the light in the room, which was furnished by an electrical plant owned and operated by the defendants, was instantly extinguished without warning of any kind, and before the usual hour, and contrary to the long established custom of a premonitory signal given five minutes in advance. It was so dark on that day in that room that it had been found necessary to turn on the electric light an hour and a half before the time of the accident, and the sudden extinguishment of the light caused total darkness. It was as "dark as pitch," as one witness expresses it. Though the plaintiff was using his left hand on his work in this narrow space between moving belts and machines in operation, in withdrawing his hand therefrom as the light was extinguished, his right arm was, in this sudden darkness, caught in the gearing of the fourth machine—a machine adjoining the one on which he was employed—and this right arm was crushed and mangled and torn from his body, and the plaintiff rendered unconscious. At the trial the plaintiff was nonsuited, and the case is here on exception thereto.

(1)    We are of the opinion that the motion for a nonsuit was improperly granted, since the case presented. is not a case resting upon the happening of the accident alone.   There was affirmative testimony offered to show that the electric arc lighting system in this building, which had been unchanged in equipment for more than five years, had frequently gone out suddenly, and without warning, at times as often as once or twice a week, for a long period of time, apparently covering more than five years and resulting in complete cessation of work and necessitating employees leaving the mill for the rest of the day; although this was unknown to the plaintiff, who had been employed in the mill about two weeks.   The frequency of these occurrences and the nature of them were certainly competent evidence to be submitted to the jury upon the question of notice to the defendants of the conditions which produced them, and were sufficient to require them to show the cause of the sudden extinguishment of the light on the evening in question.   Apparently, it was held in the court below that it must be presumed that the lights were extinguished by the act or neglect of some one who stood in the legal relation of fellow-servant with the plaintiff.   It is equally possible on this evidence, that they were so extinguished because of defective operation or improper construction of the lighting system.   The plaintiff was not dismembered by the machine on. which he was working, but by being caught in an adjacent machine, while disengaging his left hand from the former machine in the darkness, and surely it is a fair question for the jury whether a boy of his years conducted himself with ordinary prudence, in this emergency.

Exception sustained, and case remitted to the Superior Court for a new trial.

*John W. Hogan and Philip S. Knauer*, for plaintiff.

*Gardner, Price, & Thornley and William H. Camfield*, for defendant.